1  LAW OFFICE OF KURT DAVID HERMANSEN
Kurt David Hermansen, Cal. Bar No. 166349
2  110 West C Street, Suite 1810
San Diego, California  92101-3909
3  Telephone:    (619) 236-8300
Facsimile:    (619) 236-8400
4  Cellular:    (619) 436-8117
KDH@KurtDavidHermansen.com
5  Attorney for Defendant
GUILLERMO GARCIA

6

7

8

9                UNITED STATES DISTRICT COURT

10            SOUTHERN DISTRICT OF CALIFORNIA

11    —————————————————————

12  UNITED STATES OF AMERICA,         )  Case No.  07cr3192 IEG
                                      )
13              Plaintiff,            )  MEMORANDUM  OF  POINTS  AND
                                      )  AUTHORITIES  IN  SUPPORT  OF
14  v.                                )  DEFENDANT'S MOTIONS
                                      )
15  GUILLERMO GARCIA,                 )
                                      )
16              Defendant.            )
                                      )
17

18    —————————————————————

19  **I.**    **STATEMENT OF FACTS**

20        In 07cr3192 IEG, Mr. GARCIA is charged in a four-count Indictment filed November 7,

21  2007 charging conspiracy, unlawful discharge of pollutants, unlawful disposal of hazardous

22  waste and failure to report a release of a hazardous substance.

23  **II.**    **MOTION TO COMPEL DISCOVERY**

24        Defendant moves for the production of discovery pursuant to FED. R. CRIM. P. 12(b)(4)

25  and 16.  This request is not limited to items the prosecutor knows of, but rather includes all

26  discovery listed below that is in the custody, control, care, or knowledge of any investigative or

27  other governmental agencies closely connected to the prosecution. *See Kyles v. Whitley*, 514

28  U.S. 419, 437 (1995); *United States v. Bryan*, 868 F.2d 1032, 1035 (9th Cir. 1989).

1          1.     <u>Defendant's Statements.</u>  The Government must reveal <u>all</u> written/oral

2 statements made by Defendant, regardless of whether the Government intends to make any use

3 of those statements.  *See* FED. R. CRIM. P. 16(a)(1)(A); *id.* advisory committee's note (1991

4 amendments); *see also United States v. Bailleaux*, 685 F.2d 1105, 1113-14 (9th Cir. 1982).

5          2.     <u>Personnel Records of Government Officers Involved in the Interrogation.</u>

6 Defendant moves for production of all citizen complaints and other related internal affairs

7 documents involving any of the immigration officers or other law enforcement officers who

8 were involved in the investigation, arrest and interrogation of Defendant.  *See Pitchess v.*

9 *Superior Court*, 11 Cal. 3d 531, 539 (1974).  Because of the sensitive nature of these documents,

10 defense counsel will be unable to procure them from any other source.

11          3.     <u>Government Examination of Law Enforcement Personnel Files —</u>

12 <u>Especially the Personnel Files and All Files Pertaining to the Interrogating Officers</u>.  Defendant

13 requests that the Government examine the personnel files and any other files within its custody,

14 care or control, or which could be obtained by the government, for all testifying witnesses,

15 including testifying officers.  Defendant requests the attorney for the Government review these

16 files for evidence of perjury or other similar dishonesty, or any other material relevant to

17 impeachment, or any information that is exculpatory, pursuant to its duty under *United States*

18 *v. Henthorn*, 931 F.2d 29, 30-31 (9th Cir. 1991).  The obligation to examine files arises by virtue

19 of the defense making a demand for their review.  The Ninth Circuit in *Henthorn* remanded for

20 *in camera* review of the agents' files because the government failed to examine the files of

21 agents who testified at trial.  This Court should therefore order the Government to review all

22 such files for all testifying witnesses and turn over any material relevant to impeachment or that

23 is exculpatory to Defendant before trial.  Defendant specifically requests that the prosecutor, not

24 the law enforcement officers, review the files in this case.  The duty to review the files, under

25 *Henthorn*, should be the prosecutor's.  Only the prosecutor has the legal knowledge and ethical

26 obligations to fully comply with this request.  *See United States v. Jennings*, 960 F.2d 1488,

27 1492 (9th Cir. 1992); *see also Kyles v. Whitley*, 514 U.S. 438, 437 (1995) (prosecutors have "a

28

1  duty to learn of any favorable evidence known to the others acting on the government's behalf

2  in the case, including the police").

3          4.    Arrest Reports, Notes and Dispatch Tapes & Radio Traffic. Defendant also

4  specifically moves for a copy of all arrest reports, notes, dispatch or any other tapes, and TECS

5  records that relate to the circumstances surrounding Defendant's arrest or any questioning. This

6  request includes any **rough notes**, records, reports, transcripts or other documents in which

7  Defendant's statements or any other discoverable material is contained.

8          5.    Brady Material. Defendant moves for a copy of all documents, statements,

9  agents' reports, and tangible evidence favorable to Defendant on the issue of guilt or which

10 affects the credibility of the Government's witnesses and case. Under *Brady*, impeachment and

11 exculpatory evidence constitutes evidence favorable to the accused. *See United States v. Bagley*,

12 473 U.S. 667, 676-78 (1985); *United States v. Agurs*, 427 U.S. 97, 102-06 (1976).

13         6.    Defendant's Prior Record. Under FED. R. CRIM. P. 16(a)(1)(B), Defendant

14 specifically moves for a copy of Defendant's prior criminal record within the possession,

15 custody, or control of the government. Defendant specifically requests that the copy be com-

16 plete and legible; faint, obscured or otherwise illegible copies of rap sheets are not acceptable.

17         7.    Any Proposed 404(b) Evidence. The government must produce evidence

18 of "other acts" under FED. R. CRIM. P. 16(a)(1)(C) and FED. R. EVID. 404(b), 609. *See United*

19 *States v. Vega*, 188 F.3d 1150, 1154 (9th Cir. 1999) (holding that Rule 404(b) "applies to all

20 'other acts,' not just bad acts"). This request includes any TECS records the Government

21 intends to introduce at trial, whether in its case-in-chief, for possible impeachment, or in

22 rebuttal. *Id.* In addition, under Rule 404(b), Defendant specifically requests the government

23 "provide reasonable notice in advance of trial . . . of the general nature" of any evidence the

24 government proposes to introduce under FED. R. EVID. 404(b) at trial.   *See id.* at 1154-55.

25 Additionally, Defendant requests that such notice be given **three weeks** before trial to give the

26 defense time to adequately investigate and prepare for trial.

27         8.    TECS Reports. Defendant moves for all TECS reports. Rule 404(b)

28 "applies to all 'other acts,' not just bad acts." *Vega*, 188 F.3d at 1154; *see* FED. R .EVID. 404(b).

1          9.     <u>Evidence Seized</u>. Under Fed. R. Crim. P. 16(a)(1)(C), the defense moves

2 for a copy of discovery of evidence seized as a result of any search.

3          10.    <u>Tangible Objects</u>. Under Fed. R. Crim. P. 16(a)(2)(C), Defendant specific-

4 ally requests the opportunity to inspect and copy and test, if necessary, all documents and

5 tangible objects, including any books, papers, photographs, buildings, automobiles, or places,

6 or copies, depictions, or portions thereof which are material to the defense or intended for use

7 in the government's case-in-chief, or were obtained from or belong to Defendant.

8          11.    <u>Evidence of Criminal Investigation of Any Government Witness</u>. Defend-

9 ant moves for production of any evidence that any prospective witness is under investigation by

10 federal, state or local authorities for any criminal conduct.

11         12.    <u>Jencks Act Material</u>. Defendant moves for production in advance of trial

12 of all material, including dispatch tapes, which the Government must produce pursuant to the

13 Jencks Act, 18 U.S.C. § 3500 and FED. R. CRIM. P. 26.2. Advance production will avoid the

14 possibility of delay at the request of defendant to investigate the Jencks material. A verbal

15 acknowledgment that "rough" notes constitute an accurate account of the witness' interview is

16 sufficient for the report or notes to qualify as a statement under § 3500(e)(1). *Campbell v.*

17 *United States*, 373 U.S. 487, 490-92 (1963).

18         13.    <u>Expert Summaries</u>. Defendant moves for production of written summaries

19 of all expert testimony the Government intends to present under Federal Rules of Evidence 702,

20 703 or 705 during its case-in-chief, written summaries of the bases for each expert's opinion,

21 and written summaries of the experts' qualifications. FED. R. CRIM. P. 16(a)(1)(E)-(G).

22         14.    <u>Reports of Scientific Tests or Examinations</u>. Under Fed. R. Crim. P.

23 16(a)(1)(D), Defendant moves for discovery of the reports of all tests and examinations

24 conducted upon the evidence in this case, including but not limited to any fingerprint analyses

25 or chemical tests that are within the possession, custody, or control of the government, the

26 existence of which is known, or by the exercise of due diligence may become known, to the

27 attorney for the government, and which are material to the preparation of the defense or which

28 are intended for use by the government as evidence-in-chief at trial.

15.    <u>Residual Request</u>.  Defendant intends by this discovery motion to invoke the right to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States.  This request specifically includes all subsections of Rule 16.  Defendant requests that the Government provide Defendant and his attorney with the above requested material sufficiently in advance of trial to avoid unnecessary delay before trial and before cross-examination.

## III.    MOTION TO PRESERVE EVIDENCE

<u>Request for Preservation of Evidence</u>.  Defendant specifically moves for the preservation of all dispatch tapes and any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the Government and which relates to the arrest or the events leading to the arrest in this case.  *See Riley*, 189 F.3d at 806-08.  Defendant further requests that the government be ordered to question all the agencies and individuals involved in the prosecution and investigation of this case to determine if such evidence exists, and if it does exist to instruct those parties to preserve it.  This request also includes any material or percipient witness who might be deported or is otherwise likely to become unavailable (e.g., undocumented aliens and transients).

## IV.    LEAVE TO FILE FURTHER MOTIONS

Defendant hereby requests leave to file further motions as may be necessary.

## V.    CONCLUSION

For the reasons stated above, Defendant respectfully requests that this Court grant the foregoing motions.

Dated: *December 4, 2007*                    *s/Kurt David Hermansen*

Attorney for Defendant
Email:  KDH@KurtDavidHermansen.com